**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **REGINALD E. BARNES, SR.,** ) | **CASE NO. 1:18 CV 1866** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **CITY OF CLEVELAND,** *et al.*, ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Reginald E. Barnes, Sr. filed this action against the City of Cleveland, the Cleveland Parking Violations Bureau, the Cleveland Photo Safety Division, the Cleveland Police Department, the Cleveland Department of Corrections, the Cleveland Department of Vehicle Impound, City of Cleveland "agents, employees, contractors, subcontractors and other parties," Cuyahoga County, the Cuyahoga County Sheriff, the Cuyahoga County Sheriff's Department, the Cuyahoga County Division of Corrections, the Cuyahoga County Corrections Center Jail, Cuyahoga County "agents, employees, contractors, subcontractors and other parties," the Ohio Department of Motor Vehicles, the City of Avon, the City of Avon Lake, the Pennsylvania Department of Motor Vehicles, Labor Ready-People Ready, Xerox Corporation, ACS Corporation, Credit Acceptance Company, Volkswagen Inc. & Credit Comapny, Inc., "agents, employees, contractors, subcontractors and other parties" and United States District

Court Judge John A. Adams. Plaintiff's Complaint contains no facts. He requests an order requiring the Defendants to provide him with "current law" at no cost to him. He also states, without explanation that the Defendants refused to return personal property. He seeks injunctive relief for "deprivation of rights, breach of contract and others." (Doc. No. 1 at 5).

## I. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff's Complaint does not meet this basic pleading standard. He does not allege facts pertaining to any Defendant suggesting how that Defendant may be liable to him. The Complaint does not give the Defendants fair notice of what the Plaintiff's legal claims are or the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). He has failed to state a claim upon which relief may be granted.

### **III. CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, his Petition for Injunctive Relief (Doc. No. 3) and his Motion for Order to Resend Copies of his Complaint (Doc. No. 4) are denied, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DATED: December 21, 2018

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.